## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| **MARILU CARD,** )<br> **Plaintiff** )<br> )<br> **v.** )<br> )<br> **THE BARBERINO BROTHERS,** )<br> **INCORPORATED,** )<br> **d/b/a** )<br> **BARBERINO NISSAN** )<br> **Defendant** )<br> _____ ) | **CIVIL ACTION NO.**<br><br><br><br><br> **TRIAL BY JURY DEMANDED**<br><br><br> **OCTOBER 2, 2017** |

## <u>COMPLAINT</u>

### I.  INTRODUCTION

1.      This is a suit brought by a consumer regarding the purchase and sale of a motor vehicle. Plaintiff brings this action to recover actual damages, statutory damages, punitive damages and reasonable attorney's fees and costs from Defendant Barberino Brothers, Inc., d/b/a Barberino Nissan ("Barberino Nissan").  The Plaintiff claims that Barberino Nissan violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* ("TILA"), Conn. Gen. Stat. § 52-565 for civil forgery, the Connecticut Retail Installment Sales Finance Act, Conn. Gen. Stat. § 36a-770 *et seq.* ("RISFA"), the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"), and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA") in the sale of the vehicle to Plaintiff.

### II.  PARTIES

2.      Plaintiff Marilu Card ("Plaintiff" or "Card") is a natural person residing in Meriden, Connecticut.

1

3.      Defendant Barberino Nissan is a Connecticut stock corporation that operates a car dealership in Wallingford, Connecticut.

## III.     JURISDICTION

5.      Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 1691e(f). Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6.      This court has jurisdiction over Barberino Nissan because it is organized under the laws of the state of Connecticut and it regularly conducts business in this state.

7.      Venue in this court is proper because the Plaintiff resides in Connecticut and the claims involve a transaction that occurred in Connecticut.

## IV.     FACTUAL ALLEGATIONS

8.      On or about June 10, 2017, Plaintiff went to Barberino Nissan seeking a vehicle.

9.      Plaintiff is an elderly woman.

10.     Plaintiff met with a salesperson, JC, and told him that she could only afford a vehicle with monthly payments up to $550.

11.     JC showed Plaintiff a 2017 Nissan Altima (the "Vehicle") and said that was the only vehicle in their inventory she was "approved" for.

12.     Plaintiff had not submitted a credit application or any documents to Barberino Nissan at this point in the transaction.

13.     JC would not permit Plaintiff to test drive the Vehicle.

14.     Plaintiff agreed to purchase the Vehicle because she needed transportation for doctors' appointments and for transporting her grandchildren.

15.     JC promised Plaintiff that the payments would not exceed $550 per month.

16.     Plaintiff then met with an individual who identified himself as "Charles" and who was a finance manager.

17.     Charles had Plaintiff sign various documents, including a purchase order, a GAP addendum and a service contract. Plaintiff did not sign a retail installment sales contract.

18.     Charles added a  GAP addendum, costing $600, and a service contract, costing $1,999, that were included in the contract despite neither being requested nor desired by Plaintiff, and she was not alerted to their presence.

19.     Unbeknownst to Plaintiff, Charles or another Barberino employee prepared a retail installment sales contract (the "Contract") that provided for monthly payments of $699.

20.     Plaintiff did not sign the Contract, and she was not provided with a copy.

21.     Plaintiff and her husband traded-in her husband's car, which was their only vehicle, as part of the transaction.

22.     The Vehicle's Monroney sticker listed the Vehicle's price as $26,835, however, the purchase order listed the sale price as $31,608.50.

23.     Plaintiff was unsure when, precisely how much, and to where she was supposed to make payments and she contacted Nissan Motors Acceptance Corp. who she had been told was financing the transaction.

24.    NMAC provided her with a copy of the Contract, and she discovered the forgery and she discovered that the payments were substantially greater than the maximum amount that she had been told she would pay.

25.    The Contract contained a digital signature, and Plaintiff Card never signed an electronic pad during the course of the transaction.

26.    Plaintiff receives fixed income of only $650 per month and can not afford the payments.

27.    On information and belief, Barberino Nissan committed credit application fraud in connection with the transaction; because Plaintiff was informed by NMAC that it would have never accepted the Contract had it known that her income was less than the monthly payment.

## V.    CAUSES OF ACTION

### Count One – Truth in Lending Act

28.    Barberino Nissan violated TILA, because it failed to provide Plaintiff with any of the disclosures required by 15 U.S.C. § 1638.

29.    For Barberino Nissan's TILA violations, it is liable to Plaintiff for actual damages, plus additional damages of $2,000, and attorney's fees and costs.

### Count Two – Civil Forgery

30.    Barberino Nissan assigned the Contract to NMAC with Plaintiff's forged electronic signature.

31.     Barberino Nissan has falsely made, altered, forged, or counterfeited the document and knowingly presented it as genuine to NMAC , and it is liable to Plaintiff for double his damages pursuant to Conn. Gen. Stat. § 52-565.

**Count Three – Connecticut Retail Installment Sales Finance Act**

32.     Barberino Nissan violated RISFA, Conn. Gen. Stat. § 36a-770 *et seq.* by not securing Plaintiff's signature on the Contract and by not providing her with a copy.

33.     Barberino Nissan's violations of RISFA were willful within the meaning of Conn. Gen. Stat. § 36a-786.

34.     The Vehicle has been returned to Barberino Nissan thereby restoring it as closely as possible to their pre-contractual position.

35.     Plaintiff is entitled to an order stating that the contract has been validly rescinded.

**Count Four – Connecticut Unfair Trade Practices Act**

36.     Barberino Nissan's actions as alleged above also violated CUTPA.

37.     Barberino Nissan's refusal and failure to sell the Vehicle for the agreed upon price is a per se violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(1).

38.     Barberino Nissan sent a fraudulent credit application to NMAC with inflated income amounts.

39.     In violation of Conn. Gen. Stat. § 14-62(b)(2), Barberino Nissan inserted unwanted extra changes in the form of a GAP addendum and service contract into the purchase order when Plaintiff neither knew they were inserted nor requested them.

40.     Pursuant to Conn. Agency Reg. § 42-110b-28(b)(23), the violation of any state or federal law or regulation regarding the sale of a motor vehicle is a *per se* CUTPA violation.

41.     Barberino Nissan acted unfairly and deceptively in violation of CUTPA.

42.     As a result of Barberino Nissan's conduct, Plaintiff suffered an ascertainable loss in that she has entered into a financing arrangement she cannot afford and has lost use of her husband's Vehicle. Moreover, as a result of the debt owing on the Contract, she is unable to finance another vehicle.

43.     Plaintiff is entitled to actual damages, punitive damages, attorney's fees.

**Count Five – Equal Credit Opportunity Act**

44.     Plaintiff is a member of two protected classes: elderly as defined by 12 C.F.R. § 1002.2(o) and a woman.

31.     On account of her age and sex, Barberino Nissan steered Plaintiff towards a single vehicle on its lot and told her that it was the only vehicle for which she was "approved".

32.     Barberino Nissan violated ECOA by discouraging her from applying for credit on less expensive vehicles and by financing the transaction on terms that would have been offered to someone not in her class.

33.     Barberino Nissan is liable to Plaintiff for actual damages, punitive damages up to $10,000, fees and costs.

Wherefore, Plaintiff claims actual damages, double damages, TILA statutory damages of $2,000, punitive damages, attorney's fees and costs, and an order that the Contract is validly rescinded and that no debt is owed thereunder.

PLAINTIFF, MARILU CARD

By: /s/ *Daniel S. Blinn*
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Brendan L. Mahoney (ct29839)
Bmahoney@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457